

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

FILED
JAMES BONINI
CLERK

03 DEC 19 PM 3: 10

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

*NKR, Inc. d/b/a OHIO VALLEY LUMBER,*     )

         Plaintiff,               )

                          )

    vs.                           )    Case No.: 2:03cv1075

                          )

*THE FORESTLAND GROUP, LLC; OAK*     )    Judge George C. Smith

*CREST INVESTMENTS, LLC; and KARL*     )    Magistrate Judge Norah King

                          )

*KINDIG,*                         )    ***MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND***

         Defendants            )    ***MOTION TO DISMISS OR TRANSFER
FOR IMPROPER VENUE***

                          )

_____ )

       Pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(5), and based on the arguments stated in

the memorandum filed with this motion, the defendants Oak Crest Investments, LLC ("OCI")

and Karl Kindig move for dismissal or transfer of this action on the following grounds:

       1.    This Court lacks personal jurisdiction over OCI and Kindig.

       2.    Venue is improper in Ohio under 28 U.S.C. § 1391(a), but would be proper in

Virginia under section 1391(a).

       Wherefore, OCI and Kindig pray that the Court will grants their motions and dismiss this

action for lack of personal jurisdiction or for improper venue, or in the alternative, transfer this

case to the United States District Court for the Western District of Virginia, Abingdon Division.

Respectfully submitted,

John C. Nemeth  0005670
David A. Herd  0059448
JOHN C. NEMETH & ASSOCIATES
21 E. Frankfort Street
Columbus, OH 43206
(614) 443-4866
(614) 443-4860 Fax
Attorneys for Defendant Kindig


Bradley Snyder  0006276
155 E. Broad St., 12th Fl.
Columbus, OH 43215
(614) 723-2002
(614) 221-1667 Fax
Attorney for Defendant Oak Crest Investments

## MEMORANDUM IN SUPPORT

The defendants Oak Crest Investments, LLC ("OCI") and Karl Kindig submit the following memorandum in support of their motion to dismiss for lack of personal jurisdiction and motion to dismiss or transfer for improper venue:

## SUMMARY OF THE FACTS

OCI is a Virginia limited liability company. Karl Kindig is a Virginia lawyer. The plaintiff in this case, NKR, seeks judgment against them both in Ohio, on claims that they tortiously interfered with an oral agreement between NKR and two other parties - the defendant The Forestland Group ("TFG"), a North Carolina entity, and a non-party called Alpha Natural Resources ("Alpha"), based in Virginia. The alleged agreement provided that NKR, TFG and Alpha would bid jointly to purchase some property in Virginia from Pittston Coal Company, and NKR would obtain the chip mill and sawmill operation located on the Virginia property. NKR claims that TFG has breached this agreement, and plans to resell the chip mill and sawmill operation to OCI.

NKR claims that the alleged agreement between NKR, TFG, and Alpha formed a joint venture. It claims that Mr. Kindig was a lawyer representing not only TFG but also the venture. It claims that TFG and Mr. Kindig both breached their duties of fidelity and confidentiality owed to NKR.

In addition, NKR claims that its employees came to Virginia and conducted an analysis of the operation of the economics of the chip mill and sawmill operation on the Virginia property, and sent this analysis to TFG. It claims that the defendants misappropriated this analysis for their own use in bidding for the Virginia property, after eliminating NKR from the deal. Because the real property was in Virginia, and because the analysis of the real property was

conducted in Virginia, NKR concedes in its Complaint that Virginia law governs its claims. Complaint ¶ 44.

NKR does not allege that Mr. Kindig had any contact with Ohio other than a letter sent from his office in Virginia to NKR in Ohio as a preliminary to NKR's review of Pittston's financial information about the Virginia property. NKR does not allege that OCI had any contacts with NKR or Ohio. The undisputed facts from the declaration of Mr. Kindig, attached to this Memorandum, demonstrate more fully that Mr. Kindig and OCI had no general connections with Ohio and, apart from the one letter, no specific connections with NKR. Mr. Kindig, OCI, TFG, Alpha, and Pittston all have offices located in the Western District of Virginia, where the property is located, and where the bad acts of Mr. Kindig and OCI are alleged to have occurred.

### DISCUSSION

*I.*     *This Court cannot properly exercise personal jurisdiction over the defendants Kindig and Oak Crest Investments.*

To resolve the defendants' motion to dismiss, the Court must decide whether the exercise of personal jurisdiction would be consistent with both the state law of Ohio and due process under the U.S. Constitution. "The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).[1] Neither Ohio law nor due process would allow the exercise of personal jurisdiction in Ohio over the defendants Mr. Kindig and OCI in this case.

Ohio's long-arm statute authorizes the exercise of personal jurisdiction in Ohio because of a person's "[c]ausing tortious injury in this state to any person by an act outside this state

---

[1]     The scope of Ohio's long-arm statute is narrower than the limits of due process. *See Goldstein v. Christiansen*, 70 Ohio St.3d 232, 238 n.1, 638 N.E.2d 541, 545 n.1 (1994) (the

committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Ohio Rev. Code § 2307.382(A)(6). The claims in this case are that the defendants harmed an Ohio plaintiff's interests in Virginia, by denying it an opportunity to buy Virginia land and misusing the information NKR sent outside of Ohio to TFG regarding the Virginia property. The plaintiff concedes in its complaint that Virginia law governs these Virginia injuries. The requirements of the statute are not met simply by alleging that an Ohio resident suffered injuries in Virginia that cost it money. *Compare Reynolds v. International Amateur Athletic Federation*, 23 F.3d 1110, 1119-1120 (6th Cir. 1994) (no personal jurisdiction under section 2307.382(A)(6) over European defendant for defamation in Europe, even though "the brunt" of the harm was suffered by the Ohio plaintiff in Ohio).

More importantly, the plaintiff cannot satisfy the requirements of due process merely by alleging that Mr. Kindig and OCI intentionally harmed an Ohio resident. As the Supreme Court has explained, "[a]lthough it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Instead, the "foreseeability" that due process requires "is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). In other words, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum

"claim that the General Assembly intended the long-arm statute 'to give Ohio courts jurisdiction to the limits of the Due Process Clause' is erroneous").

State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475 (quoting *Hanson v Denckla*, 357 U.S. 235, 253 (1958).

Consequently, the Sixth Circuit has formulated a three-part test for the exercise of specific jurisdiction: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) (quoting *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "The emphasis in the purposeful availment inquiry is whether the defendant has engaged in 'some overt actions connecting the defendant with the forum state.'" *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478-79 (6th Cir. 2003) (citations omitted). The one letter NKR has identified as being sent from Mr. Kindig to NKR in Ohio cannot satisfy the *Southern Machine* test. *Compare Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1177 (6th Cir. 1992) ("Telephone conversations and letters are insufficient to fulfill the first part of the *Southern Machine* test").

Where the plaintiff's injury is a financial loss, "the locus of such a monetary injury is immaterial, as long as the obligation did not arise from 'a privilege the defendant exercised in [the forum state].'" *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 151 (6th Cir. 1997) (citation omitted). The Sixth Circuit held in a case involving real estate that due process would not support personal jurisdiction in Michigan over an Indiana partnership accused of breaching a contract to sell land to the plaintiff in Florida. "The defendant in the case at bar," the Court observed, "did not 'reach out' to Michigan for the purpose of creating 'continuing

relationships and obligations' with any citizen of that state." *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989). As in *LAK*, NKR cannot show that Mr. Kindig and OCI were trying to create substantial connections with Ohio; instead, their target of their alleged actions was the property in Virginia, and the location of NKR in Ohio was irrelevant to their acts and intentions.

The level of the connection required to support personal jurisdiction over Mr. Kindig and OCI is heightened because Ohio should have little interest in resolving NKR's claims regarding the Virginia property. The Supreme Court in *Burger King* explained that the intensity level of the "minimum contacts" required to support due process may vary depending on other factors, including the forum state's interest in adjudicating the dispute. *Burger King*, 471 U.S. at 477. In *LAK*, even though the plaintiff claimed "the parties could anticipate a continuing relationship as neighbors in Florida," the Court viewed that as "a circumstance of no interest to Michigan, however, and it is one that could not reasonably be expected to have any significant impact on the commerce of Michigan." *LAK*, 885 at 1302. As in *LAK*, the dispute in this case involves out-of-state acts and out-of-state property, matters as to which the interests of Ohio justice do not require an Ohio forum.

NKR claims that Mr. Kindig and OCI interfered with NKR's plans to buy the Virginia property, in order to obtain it for themselves. In their efforts to get the Virginia property, NKR claims, the defendants took for themselves the analysis NKR made in Virginia of the operations of the chip mill and sawmill on the Virginia property. NKR's objective, to own and operate the chip mill and sawmill in Virginia, is "a circumstance of no interest" to Ohio, one that could not have any significant impact on the commerce of Ohio. Stated differently, the underlying contracts alleged by NKR were not to be performed in Ohio, would not be governed by Ohio

law, and had no connection to Ohio "other than the fortuity" that NKR was in Ohio. *Compare Paula Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (dismissing tortious interference with contract claims for lack of personal jurisdiction); *International Technologies Consultants v. Euroglas*, 107 F.3d 386, 395 (6th Cir. 1997) (no jurisdiction where it is "purely fortuitous" that the plaintiff has an address in the forum state). In short, the alleged acts of the defendants were all aimed at Virginia, not Ohio, and therefore there can be no personal jurisdiction in Ohio for NKR's claims against them.

Plaintiff claims that Mr. Kindig breached his duties as a lawyer for the alleged "joint venture" between Alpha, TFG, and NKR.[2] Mr. Kindig is not an Ohio lawyer and none of his work regarding the Virginia property occurred in Ohio. He never solicited NKR as a client, and the letter attached to the Complaint is the only communication NKR has identified between Mr. Kindig and NKR in Ohio. "[C]ase law overflows on the point that providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides." *Cape v. von Maur*, 932 F. Supp. 124, 128 (D. Md. 1996).[3] Even if Mr. Kindig represented the alleged joint venture, his work was all performed

---

[2]     NKR has alleged that the parties planned to split up the purchased assets, with no sharing of profits or losses and no sharing of management or control over the separated oil and gas, timber, and mill properties. *See* Complaint ¶¶ 9-12. NKR concludes that this agreement created a "joint venture," imposing special duties on the parties, yet under Virginia law, there is no joint venture without sharing of the profits and sharing of control of the joint enterprise. *See, e.g., Wells v. Whitaker*, 207 Va. 616, 626, 151 S.E.2d 422, 430 (1966).

[3]     *See Porter v. Berall*, 293 F.3d 1073, 1076-77 (8th Cir. 2002) (no jurisdiction in Missouri over Connecticut lawyers who "were not licensed in Missouri, they did not maintain offices in Missouri, and they did not solicit business in Missouri. They provided advice on Connecticut law from their offices in Connecticut."); *Sawtelle v. Farrell*, 70 F.3d 1381 (1st Cir. 1995) (no jurisdiction in New Hampshire over lawyers in Virginia and Florida for claim related to representation of plaintiff in Florida); *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) ("Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state"); *Austad Co. v. Pennie &*

outside of Ohio and pertained to matters outside of Ohio, and therefore cannot support personal jurisdiction over him in Ohio, not even for the claims of an Ohio resident.

2.    *Plaintiff has chosen an improper venue and this case should therefore be dismissed or transferred to Virginia.*

Without waiving their personal jurisdiction arguments, and in the alternative to those arguments, Mr. Kindig and OCI also submit that this action should be dismissed or transferred because of improper venue.[4] The venue statute provides that plaintiff's action may be brought only (1) where the defendants reside, if they all reside in the same state, or (2) where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) in a district where any defendant is subject to personal jurisdiction, but only "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). This statute's purpose is "to ensure that the plaintiff does not pick a venue inconvenient or unfair to the defendant." *Medquist MRC, Inc. v. Dayan*, 191 F.R.D. 125, 127 (N.D. Ohio 1999) (quoting *United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149 F.R.D. 558, 562 (S.D. Ohio 1993)). Once venue is challenged, the plaintiff must prove that it chose a proper forum. *Medquist*, 191 F.R.D. at 127 (citing *Bacik v. Peek*, 888 F. Supp. 1405, 1412 (S.D. Ohio 1993)).

---

*Edmonds*, 823 F.2d 223, 226 (8th Cir. 1987) (no jurisdiction in South Dakota over New York law firm which had no offices there, no attorneys licensed there, had never solicited clients or advertised there, and did not seek out the South Dakota plaintiff as a client); *Kowalski v. Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 9 (1st Cir. 1986) (no jurisdiction in New Hampshire over Illinois law firm which had no agent in New Hampshire, included no members of the New Hampshire Bar, solicited no business in New Hampshire, did not practice in New Hampshire courts, and owned no property in New Hampshire); *Mayes v. Leipziger*, 674 F.2d 178, 185 (2d Cir. 1982) (no jurisdiction in New York over California lawyers).

[4]    Motions regarding personal jurisdiction and venue can be joined together, and both must be raised at the earliest opportunity.

This case could and should have been brought in Virginia. In Virginia, venue would be proper as to Mr. Kindig and OCI under both sections 1391(a)(1) and 1391(a)(2). As NKR concedes, Virginia law will determine the merits of its claims and Virginia is where these defendants reside, where most of the events or omissions giving rise to its claims occurred, and where the property that is the subject of the action is situated. Having sought to buy property and operate its business there, NKR cannot complain that the Western District of Virginia would be an inconvenient forum.

This Court has authority to dismiss or to transfer claims which are brought in an improper or inconvenient forum. 28 U.S.C. §§ 1404(a), 1406(a). Because the claims against Mr. Kindig and OCI have no connection with Ohio and could have been brought in Virginia, the Court should dismiss the claims against Mr. Kindig and OCI outright, or transfer the claims against Mr. Kindig and OCI to the U.S. District Court for the Western District of Virginia, Abingdon Division. The Western District of Virginia is where the Virginia property is located, where offices of Pittston, Alpha, TFG, OCI, and Mr. Kindig are located, and where the alleged acts occurred, including NKR's analysis of the Virginia property. Virginia is the proper forum, and the claims in Ohio against Mr. Kindig and OCI should be dismissed or transferred.

### CONCLUSION

Based on the foregoing, the defendants Kindig and OCI pray that their motion to dismiss will be granted, or in the alternative, that the claims against them will be transferred to the United States District Court for the Western District of Virginia, Abingdon Division.

Respectfully submitted,

John C. Nemeth  0005670
David A. Herd  0059448
JOHN C. NEMETH & ASSOCIATES
21 E. Frankfort Street
Columbus, OH 43206
(614) 443-4866
(614) 443-4860 Fax
Attorneys for Defendant Kindig

Bradley Snyder  0006276          DAH
                                  12/18/03
155 E. Broad St., 12th Fl.
Columbus, OH 43215
(614) 723-2002
(614) 221-1667 Fax
Attorney for Defendant Oak Crest Investments

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by regular U.S. Mail, postage prepaid upon the following this _19_ day of December, 2003:

H. Ritchey Hollenbaugh, Esq.
CARLISLE PATCHEN
366 E. Broad St.
Columbus, OH 43215
Attorney for Plaintiff

Kirk M. Wall, Esq.
175 S. Third St., 10th Fl.
Columbus, OH 43215

Mark L. Silbersack, Esq.
255 E. Fifth St. #1900
Cincinnati, OH 45202

Attorneys for Defendants Forestland Group
and Christian Zinkham

David A. Herd  0059448

- 11 -